## OSBORN v. HENDRICKSON.

Where an appeal is withdrawn or dismissed by consent of both parties, without being called to a final hearing, no action can be maintained on the appeal bond.

And where the action was for restitution of land, and pending the appeal, the plaintiff transferred his judgment to a third party, and sold the premises to the defendant, *Held*, that the plaintiff's recourse for rent, if he have any, is against the defendant for use and occupation, and not upon the bond.

APPEAL from the District Court of the Twelfth Judicial District.

Action for rents and profits brought on the appeal bond given by the defendant, in an action brought by the plaintiff for restitution of the premises, before a justice of the peace.

The finding of the Court below establishes that the appeal, taken from the judgment for restitution entered by the justice, was dismissed by consent of the parties plaintiff and defendant, pending its appeal, and before final judgment on appeal, and before the commencement of this action. That before the commencement of this suit, and after the appeal was dismissed, the plaintiff assigned the judgment to one Cohen, and sold the premises in controversy to the defendant. On which finding the Court gave judgment for defendant, and plaintiff appealed.

*Wm. K. Osborn*, Appellant in person.

*Geo. B. Tingley*, for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

This was an action in the Court below, upon an appeal bond, to recover rent accruing pending the appeal. Some two months after the judgment was recovered in the magistrate's Court, and pending the appeal to the County Court, the plaintiff transferred the judgment to a third party, and sold the premises in controversy to the defendants. The appeal was afterwards withdrawn or dismissed by an agreement between the plaintiff and defendants, without having been called to a final hearing. Upon this state of facts, it is clear, that the plaintiff is not entitled to recover upon the bond, and his remedy (if he have any) is against Hendrickson for use and occupation.

The obligation of the sureties was to pay all costs, damages and rents accruing, pending the appeal, and to abide the order of the Court therein. In other words, they undertook to become liable for the defendant upon a confirmation of the judgment in the appellate Court. A withdrawal

of an appeal, and settlement of the suit, by consent of plaintiff and defendant, is not an affirmance of the judgment of the Court below.

It is true that the dismissal of the cause by the appellant, or a judgment of dismissal, for want of prosecution, would not release the bail or sureties, for this would be a fraud on the respondent; but a voluntary withdrawal of the appeal by both parties, and an adjustment of the controversy, terminates the suit, and the bond falls with it.

Judgment affirmed.