## KARTH *v.* LIGHT *et al.*

DISMISSAL of an appeal in the Supreme Court for want of prosecution, in accordance with the rules of the Court, operates as an affirmance of the judgment below, within the statute relative to undertakings on appeal, unless the order of dismissal be vacated during the term.

The cases in which dismissal of an appeal will not operate as a bar to a second appeal, and hence not as an affirmance of the judgment below, are those where the dismissal has been made upon some technical defect in the notice of appeal, or the undertaking, or the like.  The bar operates where the dismissal is for want of prosecution, and the order is not vacated during the term, or the dismissal is on the merits.

*Watson* v. *Husson,* (1 Duer, 252) commented on and disapproved of.

APPEAL from the Sixth District.

Suit on an undertaking executed by defendants, as is stated in the opinion.  The Court below nonsuited plaintiff, who appeals.

*Clark & Gass*, for Appellant, to the point, that the dismissal of the appeal operated as an affirmance of the judgment, so as to render the sureties on the undertaking liable, cited *Osborne* v. *Hendrickson*, 6 Cal. 175; *Harrison* v. *Bank of Kentucky*, 3 J. J. M. 375; 3 Wis. 575; 6 Id. 350; 7 Ind. 209; 1 Kelly, 92; rule 3 of Supreme Court, precluding any other appeal in the cause. As to any decisions of this Court, permitting a new appeal, after dismissal of an appeal in the case, they all apply to cases where the appeal was dismissed because never perfected; or where there was some defect in the notice or the undertaking.

*Crocker and Zabriskie*, for Respondents, cited 1 Duer, 242; *Chase* v. *Reise*, 10 Cal. 517; Wood's Dig. 211–212, secs. 349–352.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

In 1857 the plaintiff recovered a judgment against Houck and Meyers, for the possession of certain premises, situated in the city of Sacramento. From the judgment Houck appealed to the Supreme Court; and to stay its execution, pending the appeal, filed the undertaking upon which the present action is brought. The undertaking provides, in the terms of the statute, that the defendants " will not commit, or suffer to be committed any waste thereon; and that if the judgment be affirmed, they will pay the value of the use and occupation of the property, from the time of the appeal until the delivery of the possession thereof, pursuant to the judgment, not exceeding two thousand dollars." By this undertaking, proceedings upon the judgment were stayed. At the January term of 1858, the appeal was dismissed by the Supreme Court, for want of prosecution; and the question presented for determination is, whether this dismissal was equivalent in law to an affirmance of the judgment, within the statute? Upon the solution of the question, the liability of the sureties on the undertaking depends. The Court below held, that the dismissal of the appeal was not such an affirmance of the judgment, and as hence there could be no breach of the undertaking, ordered a nonsuit.

The object of the undertaking was to retain the defendants in the ejectment, in the possession of the premises, pending the appeal, and at the same time to afford indemnity to the plaintiff for any loss he might sustain, by the deprivation of the use of the premises, or by waste committed thereon—if the judgment in his favor should not be

reversed by the appellate Court. The appellant, in fact, asserts a right
to retain possession against the judgment, upon the ground that such
judgment will be ultimately held invalid by the Court to which he has
appealed. Whether, then, the dismissal of an appeal is to be deemed
equivalent to an affirmance of the judgment, will depend upon the
question whether, after such dismissal, the judgment can be again open
to examination; and upon this question the rules of the Court give the
answer. By statute the appellant is required to furnish the requisite
papers for the hearing of the appeal, and if not thus furnished the
appeal may be dismissed. (Prac. Act, as amended in 1854, sec. 346.)
And by the rules of this Court—which were in force at the time—when
an appeal is perfected, and the statement settled twenty days before the
next succeeding term, the transcript of the record must be filed on or
before the first day of such term, or the appeal may be dismissed, on
motion; and, unless the cause thus dismissed be restored during the
same term, the dismissal operates as a bar to any other appeal in the
same cause. In the ejectment case, the appeal was dismissed for this
neglect to file the transcript, and upon the order of dismissal the
remittitur issued, the cause not having been restored. The judgment
thereupon became final, not being afterwards open to review. It was,
therefore, to all intents and purposes, within the meaning of the statute,
affirmed.

The cases in which the dismissal of an appeal will not operate as a
bar to a second appeal, are those where the dismissal has been made
upon some technical defect in the notice of appeal, or the undertaking,
or the like. The bar applies where the dismissal is for want of prose-
cution, and the order is not vacated during the term, or the dismissal is
on the merits.

In the case of *Watson* v. *Husson*, (1 Duer, 252) the Superior Court
of the city of New York held, under a statute precisely similar to our
own, that a dismissal of an appeal was not an affirmance of the judg-
ment. Some of the grounds upon which that decision rests are
answered by the effect given to the rules of this Court.

" A judgment," says Mr. Justice Duer, "affirmed in the Court of
ultimate jurisdiction can never again be questioned; and if the effect
of the dismission of the appeal was to preclude any farther examina-
tion or impeachment of the judgment, it might reasonably be contended
that the averment in the complaint that the judgment was affirmed, is
sustained by the admitted fact, that the appeal was dismissed. It is not

pretended, however, that such was the effect of the dismission of the appeal. It is not denied that its only effect was to replace the judgment in its former condition, leaving its merits still open to examination upon a second or further appeal; and it is impossible for us to say that a judgment has been affirmed which, after the appeal was dismissed, was still liable to be reversed." And the learned Justice observed that to affirm a judgment was to declare by a judicial sentence of the appellate Court its validity, and that it was a legal solecism to say that a judgment had been affirmed when the question of its validity was exactly that which the appellate Court refused to consider. With the highest respect for the opinion of the learned Justice, we think the solecism is not so apparent, but on the contrary, that a judgment may in the contemplation of the statute be said to be affirmed, when by any action of the appellate Court it is no longer open for review—whether that be either by a dismissal of the appeal or by a direct decree of affirmance. (See *Harrison* v. *Bank of Kentucky*, 3 Marsh. 375; *Osborn* v. *Hendrickson*, 6 Cal. 175.)

By the statute, the undertaking providing for the liability of the sureties, upon the condition of the affirmance of the judgment, operates as a stay, and if by a mere neglect to prosecute an appeal, and for that reason suffering it to be dismissed, after the respondent has been deprived of his rights under the judgment by the undertaking, the sureties could be released, upon the pretense that the judgment was not affirmed, it is evident that great injustice would be, in many instances, perpetrated, and a fraud practiced upon respondents.

It follows, from the conclusion to which we have arrived, that the nonsuit must be set aside, and the judgment reversed, and the cause remanded for a new trial; and it is so ordered.