## THE PEOPLE v. CUINTANO.

It is no objection to the panel of the Grand Jury that it was summoned by order of Court, under the eleventh section of the act concerning jurors, (Wood's Dig. 511) while the prisoner was in custody, on an offense charged, before the commencement of the term.

Nor is it an objection that the copy of such order of Court was not served on the Sheriff, as the statute directs, provided he has, otherwise, regularly summoned the jury.

People *v.* Cuintano.

APPEAL from the Eleventh District.

The prisoner was in custody, on an offense charged, before the commencement of the term of the Court of Sessions at which the indictment was found. He was committed to jail, June 26th, 1859, and the term began August 8th, 1859.

Defendant challenged the panel of the Grand Jury, because not summoned and drawn as provided in secs. 4, 5 and 6 of the act concerning jurors (Wood's Dig. 511). The record does not show whether the jurors were summoned from the body of the county or the by-standers. The order of Court directs the Sheriff to summon them from the body of the county.

*M. E. Mills,* for Appellant, argued that this case did not come within the rule in *People* v. *Rodriguez,* (10 Cal. 50) because the defendant, here, was in custody long before the term of Court commenced, and there was no necessity of summoning a Grand Jury, under secs. 11 and 12 of the act relative to jurors, (Wood's Dig. 511) instead of in the usual mode, under secs. 4 and 5 of said act; and that the law intended to have the indictment found as long before trial as circumstances would permit. (Sedg. Stat. and Const. Law, 230, 231, 238, 239; *Freeman* v. *City of New York,* 5 Sandf. 16; *Rosely* v. *Mattingby,* 14 B. Munroe, 87; *Fisher* v. *Blight,* 2 Cranch. 358, 359; *Case* v. *Wildrige,* 4 Ind. 51; *Commonwealth* v. *Duane,* 1 Binn. 601; *Corn* v. *Alger,* 7 Cush. 53 and 89; *Attorney General ex rel. McKoy* v. *Detroit and Erie Plank Road Co.* 2 Mich. 138; *Burnham* v. *Hays,* 3 Cal. 168; *Morrill* v. *Gorham,* 6 Id. 41.)

The order of Court should have been served on the Sheriff. (Wood's Dig. 511, sec. 12.) The jury were taken from bystanders.

*Thos. H. Williams,* Attorney General, for Respondent, cited *People* v. *Rodriguez,* 10 Cal. 50; *People* v. *Beatty,* 14 Id.; Wood's Dig. 511, sec. 11.

BALDWIN, J. delivered the opinion of the Court — COPE, J. concurring.

Defendant was indicted for and convicted of murder.

1. The first error assigned, is the mode of impanneling the Grand Jury by the Court of Sessions. This was done by special order, made

by the Court after the offense charged upon the prisoner, and when he was in custody. By sec. 11 of the Act concerning Jurors, (Wood's Dig. 511) the discretionary power is given to the Judge, in a case like this, to cause an order to be entered upon the minutes of the Court, etc. We see nothing in the facts of this case to distinguish it from that of *People* v. *Rodriguez*, 10 Cal. 50; see also, *People* v. *Beatty*, 4 Id.

2. There is nothing in the point that a copy of the order was not regularly served on the Sheriff. The object of this provision is that the officer may go on and summon the jury, and if he has done this in the proper mode, the end is answered. Nor is the point well taken, that the Sheriff summoned bystanders, and not men from the body of the county.

We see no error in the record. The judgment is affirmed, and the Court below will fix a day to carry the sentence into execution.