# SARAH J. COOPER, APPELLANT, v. THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA, RESPONDENT.

DISMISSAL OF APPEAL "WITHOUT PREJUDICE." Where it appeared upon appeal that the statement sent up had not been settled by the judge below ; and on appellant's motion for leave to withdraw it for correction, the appeal was dismissed "without prejudice," and after correction the case was again taken up: *Held*, that the dismissal of the first appeal did not operate as an affirmance of the judgment or prevent the second appeal.

CONSIDERATION ON APPEAL OF EVIDENCE EXPLAINING POINTS OF LAW. Though the Supreme Court cannot, where there has been no motion for a new trial, weigh the evidence for the purpose of determining whether a verdict or judgment is sustained by it, yet any question of law arising at the trial and properly excepted to can be reviewed without a motion for new trial ; and in such case as much of the evidence as may be necessary to explain the legal question may be taken up and considered.

APPEAL ON RULINGS—MOTION FOR NEW TRIAL NOT NECESSARY. A motion for new trial is not only unnecessary to authorize a review of rulings at the trial ; but the much preferable practice is to take them up by bill of exceptions or statement on appeal.

MATTER OF NON-SUIT A QUESTION OF LAW. Whether a case should be withdrawn from the jury and the plaintiff be non-suited is purely a question of law.

INSURANCE—VALID CONTRACT BEFORE ACTUAL DELIVERY OF POLICY. Where a wife made application to the agent of an insurance company for a policy on the life of her husband, and paid fifty dollars in accordance with the company's rules, which was to be applied to the first year's premium provided the risk should be taken ; and in due time a policy was made out and forwarded to the agent for delivery ; but before it was delivered the husband died, whereupon the agent, though tendered the balance of the premium, refused to deliver it : *Held*, that there was a valid contract for a policy ; that upon the taking of the risk the fifty dollars became the property of the company, and the assured became entitled to the policy ; and that such a contract was as available to sustain an action for the amount of the insurance as if the policy had been delivered.

APPEAL from the District Court of the First Judicial District, Storey County.

The defendant is a corporation organized under the laws of the state of California, and having its principal place of business in the city of Sacramento in that state. The application for insurance was made at the town of Winnemucca, Nevada, in October ; the

policy appears to have been issued at Sacramento, California, on or about November 5th; and James A. Cooper, the husband of plaintiff, died November 7th, 1870.

*R. S. Mesick*, for Appellant.

I. Any former appeal not having been decided upon the merits, nor dismissed under Rule 3 of this court, this appeal must stand and be considered upon its merits. *Martinez* v. *Gallardo*, 5 Cal. 155; *Osborne* v. *Hendrickson*, 6 Cal. 175; *Karth* v. *Light*, 15 Cal. 324; *Langley* v. *Warner*, 1 Comst. 606; *Watson* v. *Husson*, 1 Duer. 252; *Marshall* v. *The Milwaukee and St. Paul Railroad Co.*, 20 Wis. 604.

II. The ruling upon the motion for non-suit can be reviewed in the same manner as any other ruling made during the trial, and a motion for new trial was unnecessary. *Darst* v. *Rush*, 14 Cal. 81; *Sullivan* v. *Carey*, 17 Cal. 81; *Levy* v. *Getleson*, 27 Cal. 688.

III. The refusal of defendant to deliver a policy, and its denial of all obligations so to do, operated as a waiver of the condition, such as time and place of payment, and time and character of notice and proofs of death—of which it might have availed itself in defense, had it issued and delivered the policy to plaintiff. *Taylor* v. *Merchants' Fire Insurance Co.*, 9 How. 403; *Post* v. *Ætna Insurance Co.*, 43 Barb. 351; *New England Fire and Marine Insurance Co.* v. *Robinson*, 25 Ind. 536; *Fried* v. *Royal Insurance Co.*, 47 Barb. 127; *O'Niel* v. *Buffalo Insurance Co.*, 3 Comst. 124; *Norwich and N. Y. T. Co.* v. *Western Mass. Insurance Co.*, 34 Conn. 561.

IV. A valid agreement between plaintiff and defendant made prior to the death of plaintiff's husband, to insure his life in her favor and deliver her a policy, was clearly shown by the pleadings and evidence. *Union Mutual Insurance Co.* v. *Commercial M. M. Insurance Co.*, 2 Curtis' C. C. 524; *Trustees, etc.* v. *Brooklyn Fire Insurance Co.*, 19 N. Y. 305.

V. The risk upon the life of Cooper commenced prior to his death, and at least as soon as plaintiff's application was received and accepted by defendant, if not at the time of application and

receipt of plaintiff's fifty dollars. *Audubon* v. *Excelsior Insurance Co.*, 27 N. Y. 216; *Commercial M. M. Insurance Co.* v. *Union Mutual Insurance Co.*, 19 How. 318; *The City of Davenport* v. *Peoria M. and F. Insurance Co.*, 17 Iowa, 276; *New England F. and M. Insurance Co.* v. *Robinson*, 25 Ind. 536; *Trustees of First Baptist Church* v. *The Brooklyn Fire Insurance Co.*, 19 N. Y. 305; *Fried* v. *Royal Insurance Co.*, 47 Barb. 127; *Post* v. *Ætna Insurance Co.*, 43 Barb. 351; *Perkins* v. *Washington Insurance Co.*, 4 Cow. 645.

*Mitchell & Stone*, for Respondent.

I. This appeal will not be considered, for the reason that the action has been appealed before, and upon motion of appellant an order of dismissal entered. The dismissal of the first appeal no longer leaves the case open for review. *Karth* v. *Light*, 15 Cal. 326; *Chase* v. *Brand*, 29 Cal.; *Harrison* v. *Bank*, 3 Marsh, 375.

II. There was no motion for new trial, and the appellate court will therefore not review the evidence as contained in the statement, the court below not having first had an opportunity to review its own errors, if any were committed. *Van Vleet* v. *Olin*, 4 Nev. 95; *Biddle* v. *Barker*, 13 Cal. 295; *Duff* v. *Fisher*, 15 Cal. 380; *Green* v. *Butler*, 26 Cal. 599; *Allen* v. *Fenton*, 27 Cal. 68; *Harper* v. *Minor*, 27 Cal. 110; *Gagliardo* v. *Hoberlin*, 18 Cal. 395; 27 Cal. 475.

III. The contract of insurance was not complete with the soliciting agent, (waiving any objection as to his power to bind defendant) because it was dependent on contingencies—that is, discretion resting in defendant, at any time prior to the delivery of the policy, to return the fifty dollars deposit and withhold the policy. *St. Louis Mutual Life Ins. Co.* v. *Kennedy*, 6 Bush. 450; *Mutual Life Ins. Co.* v. *Burse*, 8 Georgia, 534.

IV. It being here contended that the contract was complete, and that the court should decree the payment of the risk, the policy alleged to have been issued should have been introduced, showing the terms, conditions, covenants, and warranties upon which the risk should be decreed to be paid; also proof introduced to show a

compliance on plaintiff's part with the terms and conditions therein contained. *Kate Healy* v. *Imperial Fire Ins. Co.*, 5 Nev. 268; *Gerhauser* v. *North British Ins. Co.*, 6 Nev. 15.

By the Court, LEWIS, C. J.:

An appeal was brought in this case, but upon discovering that the statement prepared was not settled by the judge below, as required, the appellant moved for leave to withdraw it for the purpose of correcting the omission. In conformity with the application, an order was made by this court dismissing the appeal without prejudice. The statement being corrected, the case is again brought up; but it is argued for the respondent that the dismissal of the first appeal operated as an affirmance of the judgment, and therefore an appeal cannot again be taken.

This objection is clearly not tenable. It has been held, it is true, that the dismissal of an appeal for the want of prosecution, or upon the merits, operates as an affirmance of the judgment. *Karth* v. *Light*, 15 Cal. 326. But in that very case it was held that if the dismissal be upon some technical defect in the preparation of the appeal, it has no such effect, the court saying: " The cases in which the dismissal of an appeal will not operate as a bar to a second appeal, are those where the dismissal has been made upon some technical defect in the notice of appeal, or the undertaking, or the like. The bar applies where the dismissal is for want of prosecution, and the order is not vacated during the term, or the dismissal is on the merits." This is the extent of the rule laid down in the cases relied on by counsel. It is also doubtful whether thus modified it can be maintained as a correct rule of law, for it has been held otherwise by courts of undoubted ability. 20 Wis. 644; 1 Duer, 252.

But whether it can, or not, need not be determined here, for it is evident this case comes within the rule followed in *Karth* v. *Light*. The appeal was not dismissed for want of prosecution, or upon the merits, but solely for the purpose of correcting an error, or supplying an omission which had happened in its preparation. So too, the order of dismissal expressly provided that it was made without prejudice to another appeal. This of itself is a sufficient

answer to the objection of counsel, independent of any other consideration.

The questions submitted for decision upon the record are, first: whether the evidence is brought up in such a manner that it may be reviewed; and if so, then second: whether the court below ruled correctly in taking the case from the jury and non-suiting the plaintiff. The plaintiff appeals from the judgment alone, no motion for new trial having been made. A statement on appeal was prepared, which embodied the evidence introduced on behalf of the appellant; the motion for non-suit — together with the exception to the action of the court in granting it. Respondent now argues that the enquiry of this court must be confined to the judgment roll alone, as the evidence cannot be considered except where a motion for a new trial has been made. It is true, this court cannot weigh the evidence for the purpose of determining whether a verdict or judgment is sustained by the evidence; but any question of law arising at the trial and properly excepted to can be reviewed without a motion for new trial, and in such case so much of the evidence as may be necessary to explain the legal question should be brought up and considered.

It is never held that a mere question of law cannot be reviewed except when a motion for a new trial has been made. Nor can it, with any degree of plausibility, be argued that such is the rule. It is the every-day practice under the new system, as well as the old, to take cases to the appellate courts upon bill of exceptions, upon which all rulings raising legal questions may be reviewed. Will it be argued, for example, that a question growing out of the instructions or charge to the jury cannot be reviewed, except when a motion for new trial is made? Certainly not; and still it is almost invariably necessary in such cases to review some of the evidence, to enable the appellate tribunal to obtain an understanding of the question. Indeed, so it is with nearly every question of law raised at the trial; it can only be understandingly brought to the attention of the court of review by presenting the evidence bearing upon and illustrating it. A motion for new trial is not only unnecessary to authorize a review of rulings at the trial, but the much preferable practice is to bring them up by bill of exceptions, or in

a statement on appeal, as the same object is accomplished without the expense and unnecessary labor of such motion. Thus, a party who wishes only to have the questions of law arising during the progress of the trial reviewed, may introduce the rulings, with sufficient evidence to point them, into his statement on appeal, or pre pare a bill of exceptions as he proceeds, and so bring them to the attention of the appellate court. This is a practice which, under similar statutory provisions, has not only received the sanction, but commendation, of the Supreme Court of California. *Brown* v. *Tolles*, 7 Cal. 398; *Harper* v. *Minor*, 27 Cal. 107; *Carpenter* v. *Williamson*, 25 Cal. 158.

Whether a case should be withdrawn from the jury and the plaintiff non-suited, is purely a question of law. When properly made, it is simply a decision that the law affords no relief upon the evidence adduced, admitting every fact and conclusion which it tends to prove. It is not a decision upon the weight of evidence where it is conflicting, but that it is not sufficient to justify its submission to the jury. If it were not a question of law, a non-suit could never be granted; for the judge can only decide questions of law. But independent of reason, such is undoubtedly the law. *Pratt* v. *Hull*, 13 John. 335. If so, this point is settled, for there is no difference between this and any other law question as to the manner in which it may be submitted to the appellate court. Being simply a question of law, it could be brought to this court as well by bill of exceptions, or by statement on appeal, as by appeal from an order on motion for new trial.

Was the court warranted in granting the non-suit? Clearly not. The plaintiff introduced evidence going to prove that an application was made to the agents of defendant for a policy of insurance on the life of the plaintiff's husband; that at the time the application was made, fifty dollars was paid, according to the regulations of the company, which was to be applied on the first year's premium, provided the defendant should conclude to make the insurance. The application thus made was forwarded to the proper office of the company; a policy was in due time made out and forwarded to the agent in this state for delivery; but the insured having died before

it was delivered, the agent refused to deliver it, although demanded, and the balance of the premium offered to be paid.

Here is undoubtedly sufficient proof to establish a contract for a policy. The application for a policy by the assured, with the payment of a portion of the premium, and acceptance of the risk by the defendant, left nothing to be done but the delivery of the policy and the payment by the plaintiff of the balance of the premium, which, it appears, was not required by the rules of the company until the completion of the transaction. These facts show a valid contract for a policy between the parties. The moment the company concluded to make the insurance, the fifty dollars paid to its agent became its property, without any further action on its part. It was paid upon the condition that if the company concluded to make the insurance, it should be applied in payment of the premium; when, therefore, the risk was taken, it became the property of defendant, and at the same time the assured became entitled to the policy. Thus there was the acceptance of the application by the company, and the payment of a portion of the premium, as a consideration therefor, by the plaintiff, which is all that was necessary to make a valid contract between the parties. Such contracts are as available to sustain an action for the amount of the insurance as if the policy itself had been issued. In *Kohne* v. *The Insurance Company of North America*, 1 Washington C. C. 93, a person applied to the agent of the company to effect an insurance on goods on board a ship, and settled all the terms of the insurance, but did not receive a policy. It was, however, soon afterwards filled up and executed, and about the same time the company received the intelligence of the loss of the vessel. On a subsequent day the assured called to pay the premium and receive the policy, but the company refused to deliver it, objecting that the agreement was inchoate, and consequently it had the right to retract. Judge Washington, however, said: " It appears everything was agreed upon, and although, on account of the fever then in the city, he did not wait to receive the policy, yet it was immediately after he left the the office filled up and signed by the president, and has been produced on the trial; the contract therefore was not inchoate, but

perfected before notice of the capture by either party." So it has frequently been held that the premium may be received on a mere contract to insure, where no policy has been made out; and such, we take it, is the law. *Carpenter* v. *TheMutual Safety Insurance Company*, 4 Sandf. Ch. 408; *Hamilton* v. *Lycoming Insurance Company*, 5 Barr, 339; *Andrews* v. *The Essex Fire and Marine Insurance Company*, 3 Mason C. C. R. C; *McCullough* v. *Eagle Insurance Company*, 1 Pick. 278; *Palm* v. *Medina Insurance Company*, 20 Ohio, 529; *Taylor* v. *Merchants' Fire Insurance Company*, 9 Howard, U. S. 390.

The non-suit must be set aside.

Judgment reversed. It is so ordered.