# WHEELING.

## CASANOVA v. KREUSCH.

Submitted June 8, 1882—Decided June 30, 1883.

(*WOODS, JUDGE, Absent.)

A writ of error and *supersedeas* having been dismissed because of the failure of the plaintiff in error to give a new bond with good and sufficient security, the sureties in the first bond being insol-

---

*Case submitted before Judge W. took his seat on the bench.

vent, the plaintiff in error cannot after such dismission of his writ of error be awarded a writ of error without *supersedeas* on giving the bond required by law, and if such writ of error has been granted it will be dismissed as improvidently awarded. (p. —.)

Writ of error and *supersedeas* to a judgment of the municipal court of Wheeling, rendered on the 11th day of October, 1878, in an action at law in said court then pending, wherein Alois Casanova was plaintiff, and Peter Kreusch was defendant, allowed upon the petition of said Kreusch.

Hon. G. L. Cranmer, judge of the municipal court of Wheeling, rendered the judgment complained of.

GREEN, JUDGE, furnishes the following statement of the case ·

In July, 1868, Alois Casanova brought an action on the case against Peter Kreusch in the municipal court of Wheeling for a certain libel. The declaration was demurred to, and many exceptions taken to instructions refused or granted by the court at the trial. The jury rendered a verdict for the plaintiff for one thousand dollars, and the court entered up a judgment pursuant to the verdict and refused to grant a new trial. A writ of error and *supersedeas* was allowed by this Court to this judgment, on the petition of the plaintiff assigning fifteen errors in the case. The record was printed and the cause argued and submitted to this Court for decision, but before any decision was announced the defendant in error moved this Court to require the plaintiff in error to furnish a new bond with good and sufficient security, and in default thereof to dismiss the writ of error and *supersedeas* theretofore allowed, upon the ground of the insufficiency of the security on the bond theretofore given. Reasonable notice was given of this motion, and it was sustained by affidavits showing, that the sureties had become insolvent since the giving of the bonds. This Court sustained this motion and set aside the order awarding the writ of error made theretofore, and ordered the plaintiff in error to execute within sixty days before the clerk of the municipal court of Wheeling bond with good personal security in the penalty of,

two thousand dollars conditioned according to law, and on
his failure to do so the writ of error and *supersedeas* thereto-
fore awarded should stand dismissed from and after the expi-
ration of said sixty days, and the costs of this motion were
decreed to the defendant in error against the plaintiff in
error.

The plaintiff in error then moved this Court, that this
order be so modified as to allow him a writ of error only
without *supersedeas*, but this Court refused to make this mod-
ification of said order. He then moved this Court to set
aside this order and to dismiss the writ of error and *superse-
deas* theretofore awarded at his costs, which this Court did
adding to its order, that this order of dismissal is without
prejudice to the right of the plaintiff in error to apply for
and obtain a writ of error from said judgment in the manner
and within the time prescribed by law. But at another day
of the same term of this Court these orders were all set aside,
and this Court took time to consider of the proper order to
be made on said motions. And at the next term of this
Court all of said motions were overruled, except the first
motion made by the defendant in error, and the said order
that was originally made in the case was again made, except
that the writ of error and *supersedeas* was to stand dismissed
from and after twenty days instead of sixty days. This
change being made at the suggestion of the counsel for plain-
tiff in error, who announced that the bond required could
not be given. After the writ of error and *supersedeas* had
been dismissed because of the failure of the plaintiff in error
to give such new bond and security as was required, and at
a subsequent term of this Court the said Peter Kreusch by
his attorney presented his petition accompanied by the record
in said case, and the usual certificate of counsel, praying a
writ of error to said judgment; and this Court allowed the
writ of error prayed for, the same not to take effect till the·
petitioner or some other person shall have given before the
clerk of the municipal court of Wheeling bond with good
personal security in the penalty of one hundred and fifty dol-
lars conditioned according to law.

When this writ of error was awarded, this Court announc-
ed, that it would consider and at another term of the Court

determine, whether said writ of error should not be set aside as improvidently awarded, the Court not being then prepared to say, whether after the dismissal of a writ of error and *supersedeas*, because of the failure of the plaintiff in error to give a new bond with security, this Court could properly as a matter of right award a writ of error without a *supersedeas*. This bond in the penalty of one hundred and fifty dollars required on awarding the writ of error without *supersedeas* has been given, and this case is now before this Court for us to determine first, whether the writ of error should not be dismissed as improvidently awarded, and if not, then to consider and determine the case on its merits.

*W. P. Hubbard* and *Robert White* for plaintiff in error.

*Henry M. Rnssell* and *Louis F. Stifel* for defendant in error.

Green, Judge, announced the opinion of the Court:

If a plaintiff brings a suit in a common law court of original jurisdiction and fails to prosecute it, and he is non-suited or his case is dismissed, such a dismissal does not hinder him from again bringing a like suit for the same cause of action. The law gives to every one a remedy when his legal rights have been invaded, and his failure to prosecute his suit to enforce such right as he ought to do, the common law courts hold ought not to deprive him of his rights or debar him of a right to institute another suit, as the merits of his case have never been passed upon by any court. But in case his rights have been passed upon by a court of competent jurisdiction, and he deems himself injured by the decision of the court, and obtains a writ of error with or without *supersedeas* to have the judgment of this Court of original jurisdiction reviewed, and fails properly to prosecute his writ of error, and after due notice and consideration the appellate court dismisses his appeal or requires him to give a new bond with approved security, such as the defendant in error has a right to require, the first bond being worthless because of the insolvency of the obligors on it, and he fails to give such new bond and his writ of error is dismissed, it

is by no means clear, that he ought as a matter of right to be awarded another writ of error either with or without a *supersedeas*, for he has already had his rights passed upon and decided by the court of original jurisdiction. And though the law extends to him a right to have this judgment of the court reviewed, yet this right is not as in the case of a suit at common law in the first instance an absolute right, but is one subject to such conditions and restrictions as the statute-law has properly put upon it; and if his writ of error has been dismissed because of his failure to comply with these conditions, and restrictions inserted in the law for the benefit of the defendant in error, who having the judgment of the court below in his favor is *prima facie* presumed to have the right on his side, it seems to me, that the plaintiff in error ought not to have as of right a second writ of error awarded him to the injury and annoyance of the defendant in error, except in such case as the statute-law expressly or by fair implication authorizes such granting of a second writ of error.

Thus by our statute law, see chapter 171 of Acts of 1872–3, "If the appellant or plaintiff in error fails within six months, after his case has been docketed in the Court of Appeals, to deposit with the clerk a sufficient amount to pay for the printing of the record, he is decreed to have abandoned his appeal, and the same shall be dismissed." Yet though thus dismissed for this cause, a second writ of error would be awarded the plaintiff in error as a matter of course, because our said statute expressly provides, when a case has been thus dismissed for failure to print or to deposit the money within six months with the clerk to have the record printed, that "the appeal may be renewed at any time within five years from the date of the judgment, order or decree appealed from." But when no provision of statute-law can be found thus expressly or by fair implication authorizing the granting of a second writ of error, after one has been dismissed by the appellate court, the plaintiff can not as of right have awarded to him a second writ of error. That our law did not intend to permit after the dismissal of a writ of error a second writ of error to be awarded as a matter of course, except in particular classes of cases, such as we have pointed

out, seems to me to be a necessary conclusion from the phraseology of the bond required to be given by the plaintiff, when the first writ of error, if accompanied by a *supersedeas*, is awarded.   The condition of the bond is, "to perform and satisfy the judgment, decree or order or any part thereof, proceedings on which are stayed, in case said judgment, decree or order, or such part thereof be affirmed, or the appeal, writ of error or *supersedeas* be *dismissed.*"   This would seem clearly to indicate, that if the plaintiff in error himself dismissed his writ of error and *supersedeas*, or if it was dismissed by the court for want of prosecution, except in cases where it was otherwise provided, no second writ of error was to be awarded as of course; for by the terms of the bond the plaintiff and his sureties were on the first dismissal of the writ of error bound to perform and satisfy the judgment of the court below; and of course it was not contemplated, that after such dismissal a second writ of error should be awarded, whereby perhaps this judgment of the court below might be reversed, excepting in such cases as the statute-law by express provision or fair implication permitted and required such second writ of error to be awarded, and in that case the sureties in the bond given on the first writ of error could not be held responsible, if the judgment below was reversed on the hearing of the second writ of error.

This conclusion, that the plaintiff in error can not except by statutory provisions be awarded as of right a second writ of error, where his first writ of error has been dismissed for want of prosecution or because of his failure to give a new bond with sufficient security when required so to do after a full hearing of the matter by the appellate court, is sustained by the decided weight of authority.   In New York it seems to have been the practice of the appellate court to grant a second writ of error when the first had not been dismissed on its merits, but because of its want of prosecution by the plaintiff in error.   See *Langley* v. *Warner*, 1 Com. 606; *Kelsey* v. *Campbell*, 38 Barb. 238.   But from what is said by Judge Duer in *Watson* v. *Husson*, 1 Duer 252, I infer, that this practice was adopted because the bonds given, when a writ of error was awarded in that State, only provided, that the obligors should be responsible in case the judgment ap-

pealed from was affirmed, and not as do the bonds given under our statute "where the writ of error is dismissed."

The judge in this case says: "The bond which the revised statutes required to be given when a writ of error was brought, which was intended to operate as a stay of execution, not only bound the parties to satisfy the judgment in case it should be affirmed, but also in case the plaintiff in error should fail to prosecute the writ or the same should be quashed or discontinued, (2 R. S. 59 § 28), and why these additional and very significant provisions have been omitted in the Code we have been unable to discover, and are at loss to imagine. We cannot believe, that they were rejected by the framers of the Code as superfluous, in the belief that they were all virtually comprehended in the affirmance of the judgment. If they really intended, that the undertaking upon an appeal should be construed as largely as the bond upon a writ of error, it is to be regretted that they have not expressed themselves in terms that could enable us to carry their intention into effect. We can not depart so far from all sound and safe rules of interpretation as to adopt a construction, which is plainly inconsistent with the settled and sole meaning of the words they have chosen to employ. To affirm a judgment is by the judicial sentence of an appellate court to declare its validity, and it is a legal solecism that a judgment has been affirmed, when the question of its validity is exactly that which the appellate court refused to consider. The court of appeals has said, that the appeal should be dismissed, but as it has not said that the judgment is either valid or erroneous, we have no more right "to say it has been affirmed than that it has been reversed." This opinion was delivered in a suit upon an appeal bond.

It is obvious, that an exactly opposite conclusion would have been reached had the suit been upon the bond given in the case now before us on the granting of the first writ of error and *supersedeas*; for it not only provided, that the obligors should be responsible if the judgment below was affirmed, as the New York bond did, but also if the "writ of error and *supersedeas* were dismissed." This decision I regard then as not contrary to the conclusion, which I have reached, but the reasoning of it has not been regarded as

satisfactory even where the condition was, that the obligors should be responsible if the judgment below was affirmed, and nothing was said in the bond about the obligors being responsible in case the writ of error was dismissed.   Thus in *Rairth* v. *Light et al.*, 15 Cal. 327, C. J. Field says in speaking of this opinion of Judge Duer: "And the learned justice observed, that to affirm a judgment was to declare by a judicial sentence of the appellate court its validity, and that it was a legal solecism to say, that a judgment has been affirmed when the question of its validity was exactly that which the appellate court refused to consider.   With the highest respect for the opinion of the learned justice, we think the solecism is not so apparent, but on the contrary, the judgment may in the contemplation of the statute be said to be affirmed, when by any action of the appellate court it is no longer open to review, whether that be either by dismissal of the appeal or by a direct decree of affirmance.   See *Harrison* v. *Bank of Kentucky*, 3 Marsh. 375; *Osborn* v. *Hendrickson*, 6 Cal. 175."

The Kentucky case referred to, reported in 3 J. J. Marshall 375 was, like the New York case above quoted, a writ of error from a judgment in a suit on an appeal bond, in which the obligors "bound themselves to pay, &c., in case the judgment shall be affirmed in said court of appeals."   The appeal had been dismissed by an order of the court for failure to prosecute it by the appellant, with damages and costs, and thereupon suit was brought on this appeal bond.   The court of appeals decided, that such suit should be sustained, and that the conditions of the bond had been broken; such conditions being equivalent to saying, "unless the judgment is reversed by the appellate court."

In the California case, from which we quoted above, 15 Cal. 324, the court held: "The cases in which dismissal of an appeal will not operate as a bar to a second appeal, and hence not as an affirmance of the judgment below, are those where the dismissal has been made on some technical defect in the notice of the appeal, or the undertaking or the like. The bar operates when the dismissal is for the want of prosecution, and the order is not vacated during the term, or the dismissal is on the merits."   This decision is in accord with

the other cases decided in California. See *Osborn* v. *Hendrickson*, 6 Cal. 175; *Chamberlain* v. *Reed et al.*, 16 Cal. 208.

But in opposition to these decisions it was held in *Marshall* v. *The Milwakee & St. Paul Railroad Co.* 20 Wis. 676, that an appellant whose first appeal had been dismissed for want of prosecution, may take a second appeal, as of right, within the time allowed by the statute for appealing. The court however took this position hesitatingly. The court say: "The first appeal was dismissed under the rules of this court, because the appellant had not caused a proper return to be filed, and also had neglected to serve his printed cases. It will be borne in mind, that the record was never in this court, but remained in the court below till the second appeal was taken. An appeal now in a common law case, performs the office of a writ of error under the old practice. The former statutes, R. S. 1849 ch. 104 § 11, as well as the present one, ch. 139 § 36, permitted a second writ of error on the dismissal of the first; and in analogy to practice we are inclined to hold a party may take a second appeal, when the former has been dismissed under the rules." The New York cases are referred to as countenancing such practice, and the case of *Martinez* v. *Gallardo*, 5 Cal. 155 is also referred to as having decided, that "where an appeal is dismissed for want of a proper bond, and no final judgment has been rendered, a second appeal may be taken. Although these authorities are not in point, yet" say the court, "they clearly sustain the view, that the first appeal taken in this case did not operate to bar a second appeal."

Though there be some conflict among these decisions, the decided weight of authority sustains the view, which I have expressed, that under our law, if a case is dismissed for want of prosecution, or because a party fails to give a new bond with security, after the same has upon mature consideration been dismissed by this Court, such party cannot as of right have a second writ of error. This too is the conclusion, which we would draw, from the decisions in the court of appeals of Virginia, which are binding upon us as authority. It has been in these cases held, that where a suit has been dismissed by the appellate court for want of prosecution, it cannot as of right be redocketed at a subsequent term; but

if upon a rule or notice it be shown, that the case was dismissed by fraud, accident or mistake, the case may be redocketed at a subsequent term of the court. See *Thornton v. Carbin,* 3 Call 221; *Id.* 232; *Craigen et al.* v. *Thorn et al.* 3 H. & M. 269; also *Emory et al., paupers,* v. *Erskine,* 7 Leigh 267.

In *Sites et al.* v. *Weiland,* 5 Leigh 80, an appeal was taken under the provisions of the R. Code of 1819, whereby the appellant's appeal-bond was with condition to satisfy and pay the amount, which had been recovered in case the same be affirmed. See ch. 66, § 50, p. 206, and ch. 64, § 11, p. 192, and § 19 of same chapter. Sec. 13 of ch. 64, p. 193, provided: "In case the transcript of a record in any appeal, writ of error or *supersedeas* shall not be filed with the clerk of said court within six calendar months after the same shall be granted, such appeal, writ of error or *supersedeas* shall be dismissed unless good cause be shown to the contrary." And section 20 of said chapter 64 provided: "After the dismissal of an appeal, writ of error or *supersedeas* in the court of appeals no appeal, writ of error or *supersedeas* shall be allowed." After this appeal and *supersedeas* was awarded, the Legislature in February, 1825, passed an act authorizing appellate courts to allow writs of error and appeals upon bond and security being given for the costs of the writ of error or appeal only; provided such writ of error or appeal should not operate as a *supersedeas* to the judgment or decree. See Supp. of R. Code, ch. 98, p. 127. In June, 1827, after a rule duly entered and served on the appellants, the court made an order, that unless other and sufficient security should be given before July 1, 1827, the appeal should stand dismissed, as an act of the day, on which the order was made. This bond was not given, and at a subsequent term, after this dismissal for this cause, the appellants presented a petition asking, that the appeal be reinstated or that a new appeal should be allowed upon the appellant giving bond and security for costs only, so that the appeal should not operate as a *supersedeas* to the decree. But the court held, that the appellants are not entitled to have the appeal reinstated, or to have a new appeal allowed on giving security for cost only, and taking the appeals without a *supersedeas* to

the decree. The court say: "It would be mischievous, if after the dismission of the appeal upon a rule for security and failure to comply with the rule, the appellant should be permitted to come in at any future day with his security and ask for reinstatement of his appeal, or for a new appeal upon the ground, that he is now able and ready to give the security. Such a proceeding would utterly frustrate the order of dismission; for the order appoints a day certain to give the security, which would be futile, if the security may be given at any time the party pleases." These provisions of the Code of 1819 were preserved in the Code of 1849, but the bond required was changed, so that the condition was to satisfy the judgment in case it was affirmed, or in case the writ of error was dismissed. See Code of 1860, ch. 182, §§ 21 and 27.

In the Code of W. Va. of 1869, see ch. 135, § 3, the condition of the undertaking was again made similar to that in the bond. Great charges were made in the manner of taking appeals, by the Legislature of this State in 1863 and subsequent legislation, which changes were continued in the Code of West Virginia, chapter 135, which it is not deemed necessary to particularly point out, they being familiar to the profession. Under these changes instead of appeals being taken to the Supreme Court of Appeals only for errors assigned by the appellant in a petition, when the court on such petition deem it proper to award an appeal, were taken of right on the appellants filing an undertaking in the clerk's office of the court below. The condition of this undertaking is set out in section 3, chapter 135 of Code of West Virginia, page 639. It provided: ".That if the judgment, decree or order appealed from is affirmed, the appellant shall abide by and perform the judgment, decree or order of affirmance, and pay to the opposite party or to any person injured all such costs and damages as they or either of them may incur or sustain by reason of said appeal. If such party do not desire a stay of execution, such undertaking shall be to the effect only, that he will pay the costs of the appeal in case the judgment, decree or order be affirmed." This undertaking differed from the bond, which under the Code of Virginia was to be given upon an appeal,

writ of error or *supersedeas* being awarded, principally in the omission of the provision, that the appellant was to be responsible not only "in case the judgment, decree or order should be affirmed," but also if the appeal, writ of error or *supersedeas* should be dismissed." See Code of Virginia of 1860, ch. 182, § 21, p. 748.

But from the decisions in Kentucky and California, to which I have referred, the inference would be, that the omission in our Code to say in express words, that the appellant should be responsible if his appeal was dismissed would not really modify this undertaking, as such dismissal would be regarded as substantially within the meaning of the law an affirmance. But we need not examine the provision of the Code of West Virginia of 1869 with a view of definitely determining this question, as by the Acts of 1872–73 chapter 17 p. 60, the mode of taking appeals, which had always prevailed in Virginia was restored, and the condition of the bond required, (see section 14,) was restored to just what it had been under the Code of Virginia of 1849, and it provided as it still does for the responsibility of the parties to the bond, not only if the judgment or decree was affirmed, but also if the appeal or writ of error was dismissed. There is it is true no express provision now, that if the appeal or writ of error is dismissed it shall not be reinstated. But from what we have said it follows, that such reversal of an appeal or writ of error after it has been dismissed is forbidden in effect by this condition of the bond, that the parties to it shall be responsible if the appeal or writ of error is dismissed. For they could not be so responsible if such second appeal or writ of error was allowed as of course, for if upon it the judgment or decree below was reversed, they could not surely be held liable for the amount of his judgment or decree. This second appeal or writ of error is by the terms of our present law to be granted as of course, if the dismission be for one specified cause, that is a failure to print the record or to deposit with the clerk of this Court a fund sufficient to print the record within six months after the docketing of the case in this Court. Except in this respect there has been no substantial change in our law since 1819 except between the years 1863 and 1873, and the policy introduced during those years, if

it has any effect on the question before us, was changed by the acts of 1872-73, and the old and long established policy of Virginia was again restored. My conclusion therefore is, that where a writ of error or appeal has been dismissed because of the failure of the plaintiff in error or the appellant to give a new bond with good security when required by this Court, the party is not entitled to a second writ of error or *supersedeas*; and therefor the writ of error, which we awarded in this case, was improvidently awarded and must be dismissed.

JUDGES JOHNSON AND SNYDER CONCURRED.

WRIT OF ERROR DISMISSED.