Foo Long, Appellant, *v.* The American Surety Company, Respondent.

The liability of a surety upon an undertaking, in the form prescribed by the Code of Civil Procedure (§§ 1352, 1356), given to stay proceedings on appeal from a final judgment to the General Term of the Supreme Court, is not terminated by the reversal of the judgment by the General Term, but continues and is enforcible in case of the ultimate affirmance of the judgment by this court on appeal from the order of General Term.

Upon appeal to the General Term from a judgment in favor of plaintiff on trial at Circuit such an undertaking was given. The judgment was reversed and a new trial granted. After an appeal to this court from an order of General Term, and after a return had been made and the appeal noticed for argument, the parties stipulated that a judgment should be entered reversing the order of the General Term and affirming absolutely the judgment. On reading and filing said stipulation this court, without argument or consideration of the case on its merits, reversed the order and affirmed the judgment. The usual remittitur was sent down and judgment entered in accordance therewith. In an action upon the undertaking, *held,* that there was not an affirmance of the original judgment within the true intent and meaning of the undertaking, but in substance the original judgment was reinstated by consent of the parties; that the undertaking referred to a reversal or dismissal of the appeal in the ordinary course of judicial procedure, and not an affirmance or dismissal by consent

Reported below, 76 Hun, 264.

(Argued May 2, 1895; decided May 21, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 16, 1894, which affirmed a judgment in favor of defendant entered upon a verdict directed by the court and also affirmed an order denying a motion for a new trial.

This was an action upon an undertaking given on appeal.

The plaintiff Foo Long recovered a judgment against Chu Fong at a trial at Circuit on the 28th of June, 1888, for the sum of $3,798.99. The defendant therein appealed to the General Term, and on the appeal the defendant in this action became the surety for the defendant. The undertaking subscribed by the defendant was in the form prescribed by the Code, by which it undertook and agreed that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding five hundred dollars, and also if the judgment appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the appellant would pay the sum directed to be paid by the judgment or the part thereof as to which the judgment should be affirmed. The General Term, after argument, reversed the judgment recovered by the plaintiff at the Circuit and granted a new trial, and the order of reversal was entered July 9, 1889. In September following the plaintiff appealed from the order of reversal and for a new trial to the Court of Appeals, and a return was made to that court and the appeal noticed for argument and placed on the calendar, but several months before it would have been reached in due course a stipulation was made between the parties to the action and their attorneys, by which it was consented that a judgment should be entered reversing the judgment and order of the General Term, and affirming absolutely the judgment of the Circuit. This consent was brought to the attention of the Court of Appeals, and on the 12th of January, 1891, the court on reading and filing the stipulation adjudged without any argument or consideration of the appeal on the merits that the judgment and order of the General Term should be, and the same was reversed, and that the judgment of the court on the verdict should be, and the same was affirmed absolutely. The usual remittitur was sent down, and judgment was entered in the Supreme Court in accordance therewith. This action was subsequently brought by the plaintiff against the present defendant on the undertaking given on the appeal to the Gen-

eral Term. The defendant put in issue its liability on the undertaking, and on the trial the judge directed a verdict for the defendant on the ground that no breach of its conditions had been shown, and that the reversal of the order of the General Term, by consent, and the judgment of affirmance entered on the remittitur of the original judgment was not an affirmance within the true meaning of the bond. Judgment was entered in * accordance with the decision at the Circuit, which was affirmed by the General Term, and from such affirmance the plaintiff appeals to this court.

Other facts are stated in the opinion.

*Charles J. Buchanan* for appellant. The defendant, whose business is to give undertakings for a consideration, receiving an indemnifying deposit of money in hand, does not stand in the favored position in which the law puts sureties in general, and it cannot resist payment unless it shows damage. (*Conner* v. *Reeves*, 103 N. Y. 527; *Sternbock* v. *Evans*, 122 id. 552.) An indemnified surety in an action may not make the obtaining of his consent to a settlement a condition precedent to the validity of his undertaking in case of a settlement. (*Cutter* v. *Evans*, 115 Mass. 27; *Chase* v. *Berand*, 29 Cal. 138.)

*S. B. Brownell* for respondents. The defendant was discharged from all liability on the undertaking by the action of Foo Long in entering judgment of reversal of the order for a new trial, upon Chu Fong's consent. (*Roberts* v. *Baumgarten*, 126 N. Y. 326; *Conner* v. *Reeves*, 103 id. 527; Story's Eq. Juris. § 324; Willard's Eq. Juris. 133; *Miller* v. *Stewart*. 9 Wheat. 681.)

ANDREWS, Ch. J. The undertaking bound the surety in case of the ultimate affirmance of the judgment. Its liability was not terminated .by the reversal of the judgment by the General Term, but continued and was enforcible in case, on appeal to this court, the order of the General Term should be reversed and the original judgment affirmed. (*Robinson* v. *Plimpton*, 25 N. Y. 484.) The only question presented by

this record is whether the original judgment was affirmed within the true intent and meaning of the undertaking. The plaintiff Foo Long appealed to this court from the order of the General Term reversing the judgment against Chu Fong in his favor and granting a new trial, giving the usual stipulation. This court by its judgment and order, entered January 12, 1891, reversed the order and judgment of the General Term and affirmed the original judgment. The judgment recited that it was entered upon the stipulation of the parties to the appeal. It appears that the stipulation was made by the parties and their attorneys, and upon filing the stipulation, and upon application to the court made before the case was reached on the calendar, the court, without argument or consideration of the case upon its merits, directed the judgment above mentioned. Judgment in conformity with the direction of the court was entered in the court of original jurisdiction, and this action was subsequently commenced against the defendant on the undertaking. In substance the original judgment was reinstated by the consent of the parties thereto. Chu Fong, the defendant, in the judgment consented to forego the advantage secured by the reversal by the General Term, and to have restored the original judgment against himself, thereby relieving Foo Long from the hazard of his appeal and depriving himself of the chance of securing, by an affirmance in this court of the order of the General Term, judgment absolute in his favor. We are of the opinion that the verdict was properly directed for the defendant. The obligation of a surety is to be determined by the terms of his contract, construed if ambiguous in the light of the surrounding circumstances. The defendant, at the request of Chu Fong, executed the undertaking. It recites that Chu Fong, feeling aggrieved by the judgment against him, intends to appeal therefrom to the General Term. The appeal was taken to secure if possible a reversal of the judgment, and the undertaking was given to comply with the statute regulating appeals, and to stay proceedings until the hearing and decision of the appeal. It cannot be assumed there was

any other purpose on the part of Chu Fong in giving the
undertaking, or on the part of the defendant in executing it.
The judgment and decision of the appellate court, in due
course on the very case, was what the surety became
obligated for, if the judgment appealed from should be
affirmed.    The plaintiff accepted the undertaking with
full knowledge of its terms and purpose.    The interests
of the parties to the judgment were hostile, the plaintiff
being interested to maintain his judgment and Chu Fong to
reverse it.    By giving the undertaking the latter was placed
in a position to secure the decision of an appellate tribunal
upon the validity of the judgment against him before further
proceedings should be taken to enforce it.    The defendant's
undertaking was executed in view of the situation of the
parties to the action at the time.    The undertaking was to pay
the judgment if it should be affirmed, or the appeal should be
dismissed, and this, under the circumstances, referred to an
affirmance or dismissal in the ordinary course of judicial pro-
cedure, and not an affirmance or dismissal by consent of
parties.    The plaintiff was entitled to proceed on the appeal
according to the usual practice.    He could take an affirmance
of the judgment by default if the practice of the court per-
mitted that to be done.    But to construe the undertaking as
permitting the parties to agree upon the judgment to be
rendered would subject a surety to a hazard which could not,
we think, have been contemplated.    The present case is an
apt illustration of the danger of such a construction.    After
the General Term had reversed the judgment Chu Fong, the
principal, being insolvent, without the knowledge or consent
of the surety, agrees with his adversary that he should prevail
on his appeal from the order of the General Term, and they
together procure a reversal of the order and an affirmance of
the original judgment.    It would sacrifice substance to form
to hold that an affirmance obtained in this way was an affirm-
ance within the true meaning of the undertaking.    It was an
affirmance by act of the parties, and not in any true or real
sense an affirmance by judgment of the court.    It was not the

judicial sentence upon the rights of the parties contemplated by the undertaking. The question of fraud or collusion is not presented. But it seems difficult to escape the conviction that the purpose of the arrangement was to subject the defendant to liability on its undertaking. None of the cases on the construction of bonds indemnifying against suits or judgments, or upon appeal bonds, which have come to our attention, presents the peculiar feature of this case, of a consent by a party who has succeeded on the appeal taken by him to a reversal of the judgment in his favor and to a restoration of the original judgment against him.

It was held in *Conner* v. *Reeves* (103 N. Y. 527), which was an action on an indemnity bond given to a sheriff on the seizure of property, indemnifying him against all suits, actions or judgments, that a judgment rendered against him by consent in good faith was *prima facie* evidence against the surety in an action upon the bond. The words of the bond in that case were very comprehensive and there was no suggestion that the judgment exceeded the legal liability of the sheriff.

In the present case the undertaking related to a specific matter, namely, the action of the court, and the principal consented to judgment against him at the instance presumably of his adversary, although the General Term had determined that the judgment which he consented should be reinstated was without legal validity. The point that the defendant was indemnified for becoming surety by Chu Fong, and if compelled to pay the judgment has in its hands a deposit out of which it can obtain reimbursement is irrelevant. The case turns upon the true construction of the contract. We hold that the *pro forma* affirmance of the judgment against Chu Fong, based exclusively on the stipulation of the parties and without any hearing or adjudication by this court on the merits, was not an affirmance within the meaning of the undertaking.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.