## SUTTON v. HAY.

(Circuit Court of Appeals, Seventh Circuit. December 9, 1925.)

No. 3621.

1. **Appeal and error ⬅1230—Surety on appeal bond subject to acts of principal in failing to prosecute appeal.**

If appellant by his negligence or volition, or even bad faith towards his surety, fails to perfect and carry on his appeal, and abandons it without hearing on the merits, so that judgment or decree stands affirmed, surety is liable on the bond.

2. **Appeal and error ⬅1227—Dismissal of appeal for consideration, without knowledge of surety, discharges surety on appeal bond.**

Dismissal of an appeal, pursuant to an agreement between appellant and appellee entered into for a consideration moving to appellant, without knowledge of surety on appeal bond, discharges the surety.

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

Action by R. S. Hay, receiver of Mary L. Peters, bankrupt, against Pearle C. Sutton. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Plaintiff below brought suit against Pearle C. Sutton and two codefendants on an appeal bond, which she had signed as surety with her two codefendants as principals, upon their appeal to this court of a decree against them ordering cancellation of a certain real estate conveyance and payment of about $700. To plaintiff's declaration the surety defendant pleaded that, after the appeal had been allowed and bond given and filed, the appellants and the appellee in that cause, without knowledge or consent of the surety, entered into an agreement whereby, for the sum of $49.50 paid by the appellee to the appellants, the appellants agreed to abandon their appeal, that such agreement was in writing duly executed, and that in pursuance of it the appeal was dismissed without having been heard upon the merits. To this plea the plaintiff filed replications: First, a general denial; and second, admitting in substance the agreement, but denying liability, because the $49.50 was to be paid by the appellee to the appellant in said appeal, to reimburse one of appellants for expense he had incurred up to that time in preparing his appeal, and that such agreement had been approved by the referee in bankruptcy; appellee in that cause being a receiver in bankruptcy. Defendant joined issue on the first replication, and on the overruling of a demurrer she had filed to second replication she rejoined that the instrument which that replication set out was not a true copy of the instrument referred to in defendant's plea. The plaintiff demurred to this rejoinder, and the court sustained the demurrer. Defendant then filed two additional pleas, setting up the alleged agreement in somewhat different form. These the plaintiff moved to strike,

and the court ordered them stricken, and thereupon judgment was given against her and her codefendants, the latter having been defaulted.

Carey E. Barnes, of Springfield, Ill., for plaintiff in error.

Thomas W. Quinlan, of Springfield, Ill., for defendant in error.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). It is contended for plaintiff in error that under the state of the pleadings plaintiff in the action was not entitled to a judgment against her. In our view of the case it will not be necessary to consider the technical pleadings, and hence we do not set them out as fully as would otherwise be done. It is apparent from what is before us that, if the appeal was dismissed in pursuance of the agreement referred to in the pleadings, the cause must ultimately turn on the question whether by such dismissal the surety upon the bond is released. This question was raised by the defendant's demurrer to plaintiff's second replication, and, if the facts stated would discharge the surety, the demurrer to the rejoinder should have been carried back, and sustained to plaintiff's second replication.

[1] Did the dismissal of the appeal, in pursuance of the agreement entered into for such consideration between appellants and appellee, without the surety's consent and knowledge, discharge the surety? A surety upon such an obligation places himself within the power of his principal, to the extent that he may by his neglect or volition, or even bad faith toward his surety, fail to perfect and carry on his appeal, and abandon it without hearing upon the merits, so that the judgment or decree stands affirmed, leaving his surety liable on the bond. Where the discontinuance or dismissal of the appeal is by stipulation between the parties, the authorities are conflicting as to whether the surety on the appeal bond is thereby released. As against the continued liability of the surety may be cited Foo Long v. A. S. Co., 146 N. Y. 251, 40 N. E. 730; Osborn v. Hendrickson, 6 Cal. 175; Johnson v. Flint, 34 Ala. 673. To the contrary are Howell v. Alma Milling Co., 36 Neb. 80, 54 N. W. 126, 38 Am. St. Rep. 694; Share v. Hunt, 9 Serg. & R. (Pa.) 404; Bank v. Stevens Co., 119 Minn. 209, 137 N. W. 1101, 43 L. R. A. (N. S.) 1040, Ann. Cas. 1914A, 1146; Chase v. Beraud, 29 Cal. 138. Since the appellant has it within his power to dismiss or discontinue his appeal without consent or stipulation of his opponent, it may well be that mere consent of appellee to the dismissal ought not to affect his status respecting the bond.

[2] A very different situation exists where the appellee, instead of merely consenting to the doing of what the appellant might alone do without impairment of his surety's liability, actively does something to bring about the appellant's dismissal of his appeal without hearing upon the merits. We do not mean argument or "peaceful persuasion," for presumably appellee would be at liberty to convince appellant of the futility of the appeal, and so induce him to discontinue the appellate proceeding without thereby affecting the liability of the surety on the appeal bond. But may he give appellant money or other thing of value as an inducement for dismissing his appeal without hearing on the merits, and still hold the surety liable upon his undertaking? We think not. One who executes as surety such an instrument may very properly indulge the belief that the appeal will be heard upon its merits, and the hope that as the result of such hearing there is some chance that the principal, and therefore the surety, may be relieved of liability upon the bond. While it is within the power of the principal to cause dismissal of his appeal without a hearing upon the merits, leaving the surety liable, we do not believe that the appellee may compound the appeal with his opponent and then look to the surety upon the bond for payment of his money judgment. In a given case it might be, and in this may have been, deemed good business judgment on the part of the appellee to pay a consideration to the appellant for his dismissal of his appeal, rather than incur the delay of litigation or take the chance of reversal; but, if he does this without consent of the surety, then as to the surety he should be regarded in the same situation as though no appeal had been taken. He should not be permitted to purchase from appellant discontinuance of his proceedings for appellate relief, and at the same time retain the surety's liability, which was predicated upon its prosecution without ultimate success.

There appears in none of the cases above cited an agreement to discontinue the appeal for a consideration moving to the appellant, save in Johnson v. Flint, where it seems that, after bond was filed, appellant, Kirk, made an agreement with appellee for discontinuance of the appeal, in consideration of which the judgment was to be somewhat reduced and Kirk given some property. In an action

against the sureties on the bond, the latter pleaded in discharge the affirmance pursuant to the agreement. The lower court sustained demurrer to the plea, but the Supreme Court, reversing, said:

"No matter how numerous the errors disclosed by the record in that case, this new agreement effectually prevented their correction by this court. If there had been nothing beyond simple nonaction on the part of Kirk— a mere waiver of his rights, or a failure to assign or insist upon errors—the sureties would be without defense. But the judgment which he has failed to satisfy was not the result of his simple failure to prosecute his suit, or of his waiver of his rights in the appeal, but was, on the contrary, the direct consequence of a valid agreement, which would have been broken if he had made any attempt to prosecute his appeal to effect."

This reasoning is sound, and, applied here, it follows that dismissal of the appeal under facts shown by the pleadings would release the surety.

The judgment of the District Court is reversed, and the cause remanded for further proceedings in consonance herewith.