JACKSON v. LAWYERS' SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. APPEAL—BONDS—CONSTRUCTION—PLEDGES.

> Where a bond on appeal to the Court of Appeals was conditioned that appellants would pay any costs or damages which might be awarded against them on the appeal, together with the judgment appealed from, or any part thereof which was affirmed, and the judgment was reversed, "with costs to abide the event," the judgment of the Court of Appeals terminated all liability on the bond, and entitled the principal to the immediate possession of bonds pledged with the surety to secure its liability thereon.

Appeal from Trial Term, New York County.

Action by Adrian H. Jackson against the Lawyers' Surety Company of New York. From a judgment dismissing the complaint after trial, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward W. S. Johnston, for appellant.
Francis Smyth, for respondent.

McLAUGHLIN, J. This appeal is from a judgment in an action of replevin dismissing the complaint and directing the return to the defendant of certain bonds which had been replevied. There is no dispute as to the facts. On the 5th of May, 1898, one Michael J. O'Brien recovered judgment in the Supreme Court in this state against this plaintiff and others, as executors of the last will and testament of Peter A. H. Jackson, deceased, for the sum of $758.82. On appeal to this court that judgment was affirmed (O'Brien v. Jackson, 42 App. Div. 171, 58 N. Y. Supp. 1044), and the executors then appealed to the Court of Appeals, and to perfect the appeal and stay execution on the judgment applied to the defendant to execute an undertaking, which it did, this plaintiff depositing with it certain United

States bonds as collateral security for the payment of any sum which it might become liable to pay by reason thereof. The undertaking was given pursuant to the terms of sections 1326 and 1327 of the Code of Civil Procedure, and, after reciting the affirmance of the judgment by the Appellate Division, and that the appellants, feeling aggrieved thereby, intended to appeal to the Court of Appeals, provided:

"The Lawyers' Surety Company of New York * * * does hereby, pursuant to the statute in such case made and provided, undertake that the appellants will pay all costs and damages which may be awarded against the appellants on said appeal, not exceeding $500, and does also undertake that if the judgment or order so appealed from or any part thereof is affirmed or the appeal is dismissed, the appellants will pay the sum recovered or directed to be paid by the judgment or order, or the part thereof as to which said judgment or order shall be affirmed."

The Court of Appeals reversed the judgment, and directed a new trial, with "costs to abide the event." O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238. After the judgment of the Court of Appeals had been made the judgment of the Supreme Court, the plaintiff demanded a return of the bonds, which was refused, and thereupon the same were replevied.

At the trial the plaintiff moved for judgment upon the ground that the answer admitted all of the material allegations of the complaint, which was denied, and an exception taken, and thereupon the defendant—the foregoing facts having been admitted—moved for the direction of a verdict dismissing the complaint, and for the return of three of the bonds of the par value of $50 each, or, if plaintiff failed to return them, for judgment for $201, their admitted value at the time of the trial. This motion was granted, and the plaintiff excepted. Judgment was thereafter entered to this effect, from which the plaintiff appeals.

I think this judgment should be reversed. The judgment of the Court of Appeals terminated any and all liability of the defendant on its undertaking, and it had no right thereafter to the bonds. This necessarily, as it seems to me, follows from the language used in the undertaking. It is that the defendant undertakes that the appellants will pay any costs or damages which may be awarded against them on the appeal, and also the judgment appealed from, or any part thereof which is affirmed. There was no award by the Court of Appeals of costs or damages, and the judgment was affirmed neither in whole nor in part. There was therefore nothing upon which a liability of the defendant could be predicated. The undertaking had fulfilled its purpose, and after the judgment of the Court of Appeals it ceased to exist as an instrument upon which a liability could be predicated in that action. The fact that the judgment was reversed, with costs to abide the event, has no bearing upon the question presented, and affects in no way defendant's liability. The costs which the defendant undertook to pay were such as might be awarded by the Court of Appeals. The right to costs now depends not upon an award made by the Court of Appeals, but upon the result of a trial of the action in the Supreme Court. If the respondent's conten-

tion be correct, then, unless the action is tried, settled, or compromised, it can always keep the bonds. The sections of the Code under which the undertaking was given are similar to section 3050 of the Code of Civil Procedure, which has been construed in substantially the same way as we construe these sections. Janeway v. Haft (Super. Buff.) 19 N. Y. Supp. 844.

In reaching this conclusion we have not overlooked the authorities cited in the opinion of the learned trial justice, but from an examination of them it appears they have no bearing upon the question presented.

The judgment appealed from, therefore, must be reversed, with costs, and, inasmuch as there is no dispute as to the facts, judgment is directed for the plaintiff for the relief demanded in the complaint, with costs. All concur.

---

### BIRMINGHAM TRUST & SAV. CO. v. WHITNEY.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. BILLS AND NOTES—INDORSEMENT—ALTERATION.

2. SAME—AUTHORIZED ALTERATIONS.

Where it was agreed between the drawer and the indorsee of a draft that it should be discounted by the indorsee in his capacity as cashier of a trust company, such indorsee was authorized to write an abbreviation of the word "Cashier" after his name in the indorsement of the draft, for the purpose of showing the capacity in which he became a party to the paper.

3. SAME—EVIDENCE—RES GESTÆ.

Where the cashier of a trust company agreed with the drawer of a draft to discount the same in his official capacity for the payee, and the latter inclosed the draft to such cashier in a letter, asking the addressee to discount the same "as per agreement with" the drawer, conversations between the cashier and the drawer showing the agreements were admissible as res gestæ.

Appeal from Trial Term, New York County.