FRANK F. TRIPI, Respondent, *v.* ANDREW COCCA and Another, Appellants.

Fourth Department, May 13, 1931.

*Donnelly, O'Neil & Lindal* [*Leo F. Donnelly* of counsel], for the appellants.

*Michael P. Geraci* [*Henry Stern* of counsel], for the respondent.

PER CURIAM. On April 30, 1930, this court in a *per curiam* opinion (229 App. Div. 343) indicated its determination that a judgment of the Supreme Court at Special Term permitting plaintiff in substance to cancel a contract with the defendants for the purchase of real property and to recover back a down payment was erroneous in that it specified a particular law day for final performance of the contract instead of allowing defendants a reasonable time to fulfill by offering a marketable title. We reversed certain findings of fact and conclusions of law, made new findings and entered an interlocutory judgment appointing a referee to take proof of title and report back to this court with his opinion. In consonance with this temporary disposition of the matter we in terms reversed the judgment appealed from and indicated that later — upon the coming in of the referee's report — we would make suitable findings and conclusions and would enter an appropriate final judgment. Hearings were had before the appointed referee, his report has been filed, with his opinion that a marketable title is now proffered to plaintiff, and a motion is before us for confirmation of the report and for final judgment.

We are of the opinion that the title presented is unmarketable. The record now before us does not furnish satisfactory basis for a conclusion that a snow fence easement deeded to the Buffalo and Jamestown Railroad Company over fifty years ago has been abandoned or released; the record does not adequately show that the successors in title to the Milsom Rendering and Fertilizer Company have obtained marketable title to the premises by adverse possession; and a good title out of the Fort Stanwix Canning Company is not a matter of record in any manner such as to come to the attention of title searchers. Whether or not these defects are or were curable, they have not been cured of record. Ample time and opportunity have been given defendants to make a good record title and they have failed to do so. Therefore, final judgment of this court should enter modifying the judgment appealed from by granting judgment in favor of the plaintiff against defendants for $945, with interest from December 1, 1928, being $500 down payment made by plaintiff, $70 attorney's fees, and $375 architect's fees. We also award plaintiff costs in the trial court and in this

court. We make certain new findings of fact and conclusions of law and make certain modifications of findings heretofore made.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

The report of the referee to the effect that defendants have good and marketable title disapproved, certain changes made in findings of fact and conclusions of law, and judgment modified so as to award to plaintiff $945, with interest from December 1, 1928, with costs of the trial, and as modified affirmed, with costs to plaintiff.