## FOURTH DEPARTMENT, DECEMBER, 1932.

FRANK F. TRIPI, Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

PER CURIAM. The judgment which was entered upon the final determination of this court in *Tripi* v. *Cocca* was not in reality an affirmance of the judgment, or any part thereof, from which the appeal was originally taken, and to stay the execution of which the bond in suit was given. The final judgment is based upon a different theory from the one from which the appeal was taken. The basis of the former is the fact that the grantors were entitled to and had had a reasonable

time in which to close the contract of sale, while in the latter it was held that the contract of sale should be reformed by inserting October 26, 1928, as the law day. It was held in this court on the appeal from the judgment that the fixing of the above-mentioned date as the closing date was unwarranted by the evidence, and that in the absence of a law day in the contract the parties were entitled to a reasonable time for fulfillment and that a reasonable time for final performance had not elapsed. (*Tripi* v. *Cocca*, 229 App. Div. 343.) On the coming in of the referee's report we held that defendant had then had a reasonable time to close said contract. (*Tripi* v. *Cocca*, 232 App. Div. 399; affd., 259 N. Y. 552.) The final judgment was based on facts which did not exist when the original judgment was entered. The situation is the same as if this court had reversed the judgment on appeal and ordered a new trial, instead of sending the matter to a referee. In such a case, if the trial court had ordered the same judgment which was here entered after the report of the referee came to us for confirmation, there could be no doubt that the second judgment was a new judgment, and not an affirmance of the old one. We think that the present judgment is not covered by the undertaking given by defendant to stay execution of the judgment appealed from, and that the order appealed from should be reversed. All concur. Judgment reversed on the law, with costs, and motion denied, with ten dollars costs.