MARION S. JOHNSTON, as Receiver and Sequestrator of the Property of RICHARD H. JOHNSTON, Respondent, v. CRANLYN BUILDING CORPORATION, Appellant.— Order of official referee vacating a judgment and granting leave to the plaintiff to submit additional proof discovered by an examination of the defendant's books since the trial affirmed, with ten dollars costs and disbursements; the trial to proceed on ten days' notice. No opinion. Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ., concur.

ANNIE MARSHALL and Others, Respondents, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant, and DAVID SILVERSTONE and Others, Infants, etc., by GERTRUDE M. OSOFSKY, Guardian ad Litem, Respondents.— Order denying the appealing defendant's motion to dismiss the complaint as to it and for summary judgment, in an action to recover on life insurance policies, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ., concur.

ROSE MEYER and JOSEPH MEYER, Respondents, v. CHESTER VIEW INCORPORATED, Appellant.— Appeal from an order of the City Court of Yonkers denying defendant's motion to dismiss the complaint on the ground of the court's lack of jurisdiction over the subject-matter in an action in negligence. Order affirmed, with ten dollars costs and disbursements. (Battaly v. Coffin, 236 App. Div. 807; Lindemann v. Wolf, 234 id. 291.) Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ., concur.

ANNA MORAN, Appellant, v. MARGIE BROWN, Respondent.— In an action to recover damages for personal injuries, judgment for defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Close, JJ.

EDWARD P. MORSE, JR., Respondent, v. MORSE DRY DOCK & REPAIR COMPANY, Appellant.— Order dated March 23, 1937, denying defendant's motion to require a return of securities deposited under an undertaking made pursuant to an order staying the issue of execution pending appeal from a judgment, reversed on the law, with ten dollars costs and disbursements, and the motion granted, without costs. Assuming, without deciding, that the undertaking under which the deposit was made was a statutory form of undertaking and, therefore, had infused in it the effect of the statutes regulating the stay of execution pending an appeal, the defendant was entitled to the return of the bonds deposited as a matter of right, since the security thus given would not be available for the payment of any new judgment obtained as a consequence of the plaintiff's availing himself of the opportunity for a new trial accorded to him on the reversal of the judgment by the Appellate Division. (Jackson v. Lawyers' Surety Co., 95 App. Div. 368; affd., 184 N. Y. 521, on opinion below; Tripi v. United States Fidelity & Guaranty Co., 237 App. Div. 866.) Appeal from order dated March 1, 1937, dismissed. The decision in respect of the order of March 23, 1937, renders the appeal from this order academic. Hagarty, Carswell, Davis, Adel and Close, JJ., concur.