FLORENCE I. LAROCCO, as Administratrix of the Estate of PASQUALE J. LAROCCO, Also Known as PATRICK LAROCCO, Deceased, Appellant, *v.* FEDERAL INSURANCE COMPANY, Respondent.

Third Department, November 8, 1973.

476

*Daniel H. Mahoney* for appellant.

*McNamee, Lochner, Titus & Williams, P. C. (Earl H. Gallup, Jr.,* of counsel), for respondent.

HERLIHY, P. J. This is an appeal by the plaintiff from an order of the Supreme Court at Special Term, entered in Albany County on September 25, 1972, which denied her motion for summary judgment and dismissed the complaint.

On June 1, 1970 a judgment was entered in favor of the plaintiff against the Penn Central Transportation Co. for the sum of $115,000 plus costs and interest after a jury trial of a cause of action based on negligence. Subsequently, the plaintiff caused the Sheriff of Albany County to levy on certain bank accounts of the Penn Central whereupon Penn Central filed an undertaking by the defendant pursuant to CPLR 5519 (subd. [a], par. 2) for the purpose of staying execution pending the appeal of the judgment. The judgment was affirmed with costs by this court (36 A D 2d 557).

On June 10, 1971 the Court of Appeals, in a memorandum decision, determined that the trial court's charge contained erroneous matter which was prejudicial to the defendant and decreed: " The order of the Appellate Division should be reversed and the case remitted to the Supreme Court, Albany County, for a new trial, with costs to abide the event." (29 N Y 2d 528, 529.) On September 23, 1971 the Court of Appeals granted a motion by the plaintiff to amend the prior remittitur

as follows: " Order modified and a new trial limited to the issue of liability granted, with costs to abide the event, in a memorandum. The verdict as to damages, $115,000, is held in abeyance pending the new trial with prejudgment interest, if liability found, to be computed as of such time. [See 29 N Y 2d 528.] " (29 N Y 2d 666, 667.) Also, on September 23, 1971, the Court of Appeals denied the plaintiff's companion motion for reargument. (29 N Y 2d 749.) On January 5, 1972 the Court of Appeals denied a motion to amend the remittitur, which motion sought to determine the remaining liability of the Federal Insurance Company and its memorandum was as follows: " The effect on the surety's liability under the appeal bond by this court's modification may be determined in an action on the bond, and not by repetitive motions addressed to amendment of the remittitur. It may be observed, however, that the holding in abeyance of the money verdict, that is, the assessment of damages without correlative liability, pending retrial on the issue of liability, did not continue any obligation to pay once the issue of liability had been reopened (see 5 Am. Jur. 2d, Appeal and Error, § 1033; with which compare the situation when both liability and damage issues have been reopened, *Tripi* v. *United States Fid. & Guar. Co.*, 237 App. Div. 866, 867; *Morse* v. *Morse Dry Dock & Repair Co.*, 250 App. Div. 863; *Jackson* v. *Lawyer's Sur. Co.*, 95 App. Div. 368, affd. 184 N. Y. 521)." (29 N Y 2d 892; see, also, 29 N Y 2d 956.) Following the amendment of the remittitur by the Court of Appeals, the trial court directed the entry of judgment for plaintiff in the sum of $115,000, plus interest, the order providing that the judgment was interlocutory and to be final if the new trial should result in a verdict of liability.

The entry of judgment for the plaintiff, as directed by the trial court, would reasonably appear to comply with the directive of the Court of Appeals.

It appears from the memoranda of the Court of Appeals referred to hereinabove that the judgment of the trial court was never in fact reversed, albeit the order of this court was first reversed and then modified. It further appears that there had been no failure on the part of the plaintiff to prove facts which would sustain a jury verdict of negligence on the part of the surety's principal, as neither this court nor the Court of Appeals directed a reversal of the judgment and a dismissal of the complaint.

Subsequently, a new trial on the issue of negligence was had which resulted in a verdict in favor of the plaintiff as to liability

and that judgment is now final as against the bankrupt Penn Central Transportation Co.

The issue raised before Special Term and again upon this appeal is whether or not the liability of the defendant upon its bond extended past the order of the Court of Appeals which resulted in a new trial on the issue of liability. CPLR 5519 (subd. [a], par. 2), as applicable herein, provides as follows:

" (a) Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:

\* \* \*

" 2. the judgment or order directs the payment óf a sum of money, and an undertaking in that sum is given that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the amount directed to be paid by the judgment or order, or the part of it as to which the judgment or order is affirmed ".

The defendant's undertaking is in the exact language prescribed by CPLR 5519 (subd. [a], par. 2). The purpose of the bond is to prevent the plaintiff from making levy upon assets of the defendant while the appeal process is being utilized and that for such forebearance the surety must provide the assets which execution would otherwise have secured. There is no mandate that the statutory language required in this State for the bond be construed as releasing the surety from such obligation upon the fortuitous fact that a final affirmance of the creditors' legal rights requires further trial proceedings. It seems evident that the intention is to maintain the status quo pending a final determination of the obligations of the parties as if execution had issued and the appropriate assets secured.

Prior to the enactment of the CPLR, as it took effect in 1963, the practice of the appellate courts in regard to jury verdicts had been to grant new trials on all issues where error was established and such error was not one of law so as to require a dismissal of the complaint. In 1966 this court determined in *Malanify* v. *Pauls Trucking Co.* (27 A D 2d 622, 623, mot. for lv. to app. granted 19 N Y 2d 804) that where error in the trial would affect only one ultimate issue before the jury (damages), a retrial could be directed limited solely to that issue pursuant to CPLR 4404, and our determination was that the judgment affected should be modified by directing a new trial solely on that issue. In any negligence cause of action there are two

ultimate conclusions which must be reached by a jury in order to find in favor of a plaintiff, to wit: negligence by the defendant being the proximate cause of an accidental happening *and* injury resulting in legal damages. It thus appears that there are two separate ultimate issues for a jury which must be determined in favor of the plaintiff prior to an entry of judgment in favor of said plaintiff. The modification by the Court of Appeals of the order of this court and the direction of a new trial limited as to the issue of liability is not substantially different from the result in the *Malanify* case. (See, also, *Mercado* v. *City of New York,* 25 A D 2d 75, 78.)

It is not an unusual procedure for the courts to permit a judgment to stand pending further proceedings, the outcome of which will be the basis for the ultimate affirmance or vacatur of the judgment. In criminal cases the judgment is often withheld by the courts pending fact finding hearings by the trial court (see, e.g., *People* v. *Huntley,* 15 N Y 2d 72, 78). This court has, on numerous occasions, withheld judgment in regard to appeals from the Court of Claims pending further proceedings in that court. Furthermore, a similar procedure of withholding judgment in this court is permissible in regard to administrative determinations.

It appears to be conceded that when a judgment is in fact reversed, such reversal would necessarily terminate the surety's liability. (Cf. *Jackson* v. *Lawyers' Sur. Co.,* 95 App. Div. 368, affd. 184 N. Y. 521; but, see, *O'Brien* v. *Jackson,* 167 N. Y. 31, 36, which directed reversal of the judgment.) However, in the present case the Court of Appeals made no specific direction that the judgment appealed from should be reversed or vacated and its directives related solely to the orders of this court. The amended remittitur of the Court of Appeals establishes that the judgment was not a nullity as the money damages as established therein were conditionally accepted as final. Indeed, there is not perceived any statutory impediment or direct and compelling legal theory which would preclude the interpretation of the proceedings in the Court of Appeals as being a retention of jurisdiction by that court as to the enforcement of the judgment which the plaintiff had previously secured.

In this proceeding, Special Term noted that the primary question as to the surety's liability would be whether or not the action of the appellate court would be an extension of the appeal process as opposed to necessarily resulting in a new judgment unrelated to the one which had been bonded. However, Special Term, in reaching its conclusion that there was necessarily a

totally new judgment, adopted the legal theory that in a negligence action there must be a jury verdict of liability to support a judgment for money damages. While that factor would control as to the initial entry of a judgment in a negligence action, it has no bearing upon the question of whether or not a judgment is necessarily reversed as a result of the instrumentalities employed by the appellate court in assuring that a judgment is in accordance with law and justice.

It would seem apparent that a direction to a trial court for a retrial by a jury of a limited factual issue does not have to carry with it the legal consequence of a vacatur or reversal of an original judgment, so long as the parties are protected in regard to enforcement procedures in such cases as the initial judgment might be in favor of a plaintiff. As a legal consequence of directing such further proceedings, the original judgment might very well be subsequently amended, but that would appear to be the only legal consequence to be ordinarily anticipated. Where the ultimate reversal and vacatur of a judgment must depend solely upon a proper trial of a single issue, the result of the retrial is what determines the validity of the judgment and not the determination that such a retrial is necessary. The procedure utilized in this action was the affirmance of part of the judgment in accordance with CPLR 5519 and the defendant remained liable subject to a final determination of the action.

In *Foo Long* v. *American Sur. Co.* (146 N. Y. 251, 253, 254) the court noted that, as to a surety's liability upon a bond for appeal, the question was "whether the original judgment was affirmed within the true intent and meaning of the undertaking." The present record demonstrates that the result of the appellate process has been the affirmance of the original judgment in its entirety and that was certainly the liability which the surety undertook.

The order appealed from should be reversed, with costs, and the motion for summary judgment in favor of the plaintiff granted.

STALEY, JR., SWEENEY, KANE and MAIN, JJ., concur.

Order reversed, with costs, and motion for summary judgment in favor of plaintiff granted.